**WARNING: AT LEAST ONE DOCUMENT COULD NOT BE INCLUDED!**
**You were not billed for these documents.**
**Please see below.**

| Document Number | Document Description | Pages | Document Error |
|---|---|---|---|
| Document 1 attachment | Attachment | 6 | **DOCUMENT COULD NOT BE RETRIEVED! However, it may still be viewable individually.** |

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

(FILED ELECTRONICALLY)

CIVIL ACTION NO. __3:18-CV-108-CRS__

UNITED STATES OF AMERICA                                                    PLAINTIFF

vs.

RENEE C. HUFF                                                              DEFENDANTS
1135 Willow Oak Lane
LaGrange, Kentucky 40031

KOSAIR CHILDREN'S HOSPITAL
d/b/a NORTON HEALTHCARE, INC.
SERVE: Philip J. Castagno
Attorney for Lienholder
300 West Liberty Street, Suite 3
Louisville, Kentucky 40202

WILLOW WOODS HOMEOWNERS ASSOCIATION
SERVE: Lynda Lange or Authorized Agent
10035 Forest Green Blvd.
Louisville, KY 40223

**COMPLAINT FOR FORECLOSURE**

       Plaintiff, the United States of America, states as follows:

       1.     This is a mortgage foreclosure action brought by the United States of America on behalf of its agency, the United States Department of Agriculture Rural Housing Service also known as Rural Development (hereinafter collectively "RHS").

       2.     Jurisdiction arises under 28 U.S.C. § 1345. Venue is proper in this judicial division, where the subject property is located.

       3.     RHS is the holder of a promissory note ("the Note") executed for value on May 2, 2006 by Defendant Renee C. Huff ("the Borrower"). The principal amount of the Note was $132,000.00, bearing interest at the rate of 5.7500 percent per annum, and payable in monthly installments as specified in

the Note.  A copy of the Note is attached as **Exhibit A** and incorporated by reference as if set forth fully herein.

4. The Note is secured by a Real Estate Mortgage (the "Mortgage") recorded on May 2, 2006, in Mortgage Book 1530, Page 321, in the Office of the Clerk of Oldham County, Kentucky.  Through the Mortgage, the Borrower, unmarried, granted RHS a first mortgage lien against the real property including all improvements, fixtures and appurtenances thereto at 1135 Willow Oak Lane, LaGrange, Oldham County, Kentucky (the "Property") and described in more detail in the Mortgage.  A copy of the Mortgage is attached as **Exhibit B** and incorporated by reference as if set forth fully herein.

5. To receive subsidies on the loan, the Borrower signed a Subsidy Repayment Agreement authorizing RHS to recapture, upon transfer of title or non-occupancy of the Property, any subsidies granted to the Borrower by RHS.  A copy of the Subsidy Repayment Agreement is attached as **Exhibit C** and incorporated by reference as if set forth fully herein.

6. The Borrower has defaulted on the Note and Mortgage by failing to make payments when due.

7. RHS has, in accordance with the loan documents, accelerated the loan and declared the entire principal balance, together with all accrued and unpaid interest and all other sums due under the loan documents, to be due and payable.  Further, RHS sent notice to the Borrower of the default and acceleration of the loan.

8. In accordance with the loan documents, the United States is entitled to enforce the Mortgage through this foreclosure action and to have the Property sold to pay all amounts due, together with the costs and expenses of this action.

9. The unpaid principal balance on the Note is $140,386.81 with accrued interest of $7,121.27 through December 20, 2016 with a total subsidy granted of $12,139.98, late charges in the amount of $101.94, and fees

assessed of $1,596.71, for a total unpaid balance of $161,346.71 as of December 20, 2016. Interest is accruing on the unpaid principal balance at the rate of $22.3654 per day after December 20, 2016.

10. The Property is indivisible and cannot be divided without materially impairing its value and the value of RHS's lien thereon.

11. Defendant Kosair Children's Hospital d/b/a Norton Healthcare, Inc., may claim an interest in the Property by virtue of a notice of judgment lien dated on November 29, 2012 in Encumbrance Book 110, Page 176 in the Oldham County Clerk's Office, a copy of which is attached as **Exhibit D**. The interest of this Defendant is inferior in rank and subordinate in priority to the first mortgage lien on the Property in favor of RHS, and the Plaintiff calls upon this Defendant to come forth and assert its interest in or claim upon the Property, if any, and offer proof thereof, or be forever barred.

12. Defendant Willow Woods Homeowners Association may claim an interest in the Property by virtue of a statement and notice of lien recorded on July 14, 2009 in Encumbrance Book 89, Page 54 in the Oldham County Clerk's Office, a copy of which is attached as **Exhibit E**. The interest of this Defendant is inferior in rank and subordinate in priority to the first mortgage lien on the Property in favor of RHS, and the Plaintiff calls upon this Defendant to come forth and assert its interest in or claim upon the Property, if any, and offer proof thereof, or be forever barred.

13. Defendant Willow Woods Homeowners Association may claim an interest in the Property by virtue of a second statement and notice of lien recorded on June 17, 2010 in Encumbrance Book 95, Page 232 in the Oldham County Clerk's Office, a copy of which is attached as **Exhibit F**. The interest of this Defendant is inferior in rank and subordinate in priority to the first mortgage lien on the Property in favor of RHS, and the Plaintiff calls upon this Defendant to come forth and assert its interest in or claim upon the Property, if any, and offer proof thereof, or be forever barred.

14. There are no other persons or entities purporting to have an interest in the Property known to the Plaintiff.

WHEREFORE, Plaintiff, the United States of America, on behalf of RHS, demands:

a. Judgment against the interests of the Borrower in the Property in the principal amount of $140,386.81, plus $7,121.27 interest as of December 20, 2016, and $12,139.98 for reimbursement of interest credits, late charges in the amount of $101.94, and fees assessed of $1,596.71, for a total unpaid balance due of $161,346.71 as of December 20, 2016, with interest accruing at the daily rate of $22.3654 from December 20, 2016, until the date of entry of judgment, and interest thereafter according to law, plus any additional costs, disbursements and expenses advanced by the United States;

b. That the United States be adjudged a lien on the Property, prior and superior to any and all other liens, claims, interests and demands, except liens for unpaid real estate ad valorem taxes;

c. That the United States' lien be enforced and the Property be sold in accordance with Title 28 U.S.C. §§ 2001-2003 subject to easements, restrictions and stipulations of record, but free and clear of all other liens and encumbrances except liens for any unpaid ad valorem real property taxes;

d. That the proceeds from the sale be applied first to the costs of this action, second to any ad valorem real property taxes, if any, third to the satisfaction of the debt, interest, costs and fees due the United States, with the balance remaining to be distributed to the parties as their liens or interests may appear;

e. That the Property be adjudged indivisible and be sold as a whole; and

    f.  That the United States receive any and all other lawful relief to which it may be entitled.

                UNITED STATES OF AMERICA

                RUSSELL M. COLEMAN
                United States Attorney

                s/ William F. Campbell
                William F. Campbell
                Assistant United States Attorney
                717 West Broadway
                Louisville, Kentucky 40202
                Phone: 502/582-5911
                Fax: 502/625-7110
                bill.campbell@usdoj.gov

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
UNITED STATES OF AMERICA

## DEFENDANTS
RENEE C. HUFF, ET AL.

**(b)** County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant  OLDHAM
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [x] 1  U.S. Government Plaintiff
- [ ] 2  U.S. Government Defendant
- [ ] 3  Federal Question (U.S. Government Not a Party)
- [ ] 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| [x] 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 540 Mandamus & Other | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights / ☐ 550 Civil Rights | | | |
| | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)
- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. SECTION 1345
Brief description of cause:
RURAL HOUSING SERVICE (RHS) f/k/a FARMERS HOME ADMINISTRATION (FmHA) FEDERAL FORECLOSURE

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ $161,346.71
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes  [x] No

## VIII. RELATED CASE(S) IF ANY
(See instructions)
JUDGE _____   DOCKET NUMBER _____

DATE: 2/23/2018
SIGNATURE OF ATTORNEY OF RECORD: s/ William F. Campbell

**FOR OFFICE USE ONLY**

RECEIPT #   AMOUNT   APPLYING IFP   JUDGE   MAG. JUDGE

05/04/2006  03:00      5028452005                USDA RD                                   PAGE  03/24

Form RD 1940-16
(Rev. 7-05)

Form Approved
OMB No. 0575-0172

**UNITED STATES DEPARTMENT OF AGRICULTURE**
**RURAL HOUSING SERVICE**

**PROMISSORY NOTE**

Type of Loan  SECTION 502

Loan No. ███████████

Date: 05/02  20 06

SATISFIED

This _____ day of _____, 20 ____.
United States of America
By: _____
Title: _____
USDA, Rural Housing Services

1135 Willow Oak Lane
(Property Address)
La Grange , Oldham , KY
(City or Town)  (County)  (State)

BORROWER'S PROMISE TO PAY. In return for a loan that I have received, I promise to pay to the order of the United States of America, acting through the Rural Housing Service (and its successors) ("Government") $ 132,000.00 (this amount is called "principal"), plus interest.

INTEREST. Interest will be charged on the unpaid principal until the full amount of the principal has been paid. I will pay interest at a yearly rate of 5.7500 %. The interest rate required by this section is the rate I will pay both before and after any default described below.

PAYMENTS. I agree to pay principal and interest using one of two alternatives indicated below:

I. Principal and interest payments shall be temporarily deferred. The interest accrued to _____ shall be added to the principal. The new principal and later accrued interest shall be payable in 456 regular amortized installments on the date indicated in the box below. I authorize the Government to enter the amount of such new principal here: $_____, and the amount of such regular installments in the box below when such amounts have been determined. I agree to pay principal and interest in installments as indicated in the box below.

II. Payments shall not be deferred. I agree to pay principal and interest in 456 installments as indicated in the box below.

I will pay principal and interest by making a payment every month.
I will make my monthly payment on the 2nd day of each month beginning on June 2 , 2006 and continuing for 455 months. I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this note. My monthly payments will be applied to interest before principal. If on May 2 , 2044 , I still owe amounts under this note, I will pay those amounts in full on that date, which is called the "maturity date."
My monthly payment will be $ 713.14 . I will make my monthly payment at the post office address noted on my billing statement or a different place if required by the Government.

PRINCIPAL ADVANCES. If the entire principal amount of the loan is not advanced at the time of loan closing, the unadvanced balance of the loan will be advanced at my request provided the Government agrees to the advance. The Government must make the advance provided the advance is requested for an authorized purpose. Interest shall accrue on the amount of each advance beginning on the date of the advance as shown in the Record of Advances below. I authorize the Government to enter the amount and date of the advance as shown in the Record of Advances below. I authorize the Government to enter the amount and date of such advance on the Record of Advances.

HOUSING ACT OF 1949. This promissory note is made pursuant to title V of the Housing Act of 1949. It is for the type of loan indicated in the "Type of Loan" block at the top of this note. This note shall be subject to the present regulations of the Government and to its future regulations not inconsistent with the express provisions of this note.

According to the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number. The valid OMB control number for this information collection is 0575-0172. The time required to complete this information collection is estimated to average 15 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information.

1


EXHIBIT "A"

05/04/2006  03:00     5028452005              USDA RD                          PAGE  04/24

Account # 

**LATE CHARGES.** If the Government has not received the full amount of any monthly payment by the end of ___15___ days after the date it is due, I will pay a late charge. The amount of the charge will be _____4_____ percent of my overdue payment of principal and interest. I will pay this charge promptly, but only once for each late payment.

**BORROWER'S RIGHT TO PREPAY.** I have the right to make payments of principal at any time before they are due. A payment of principal only is known as a "prepayment." When I make a prepayment, I will tell the Government in writing that I am making a prepayment.

I may make a full prepayment or partial prepayment without paying any prepayment charge. The Government will use all of my prepayments to reduce the amount of principal that I owe under this Note. If I make a partial prepayment, there will be no changes in the due date or in the amount of my monthly payment unless the Government agrees in writing to those changes. Prepayments will be applied to my loan in accordance with the Government's regulations and accounting procedures in effect on the date of receipt of the payment.

**ASSIGNMENT OF NOTE.** I understand and agree that the Government may at any time assign this note without my consent. If the Government assigns the note I will make my payments to the assignee of the note and in such case the term "Government" will mean the assignee.

**CREDIT ELSEWHERE CERTIFICATION.** I certify to the Government that I am unable to obtain sufficient credit from other sources at reasonable rates and terms for the purposes for which the Government is giving me this loan.

**USE CERTIFICATION.** I certify to the Government that the funds I am borrowing from the Government will only be used for purposes authorized by the Government.

**LEASE OR SALE OF PROPERTY.** If the property constructed, improved, purchased, or refinanced with this loan is (1) leased or rented with an option to purchase, (2) leased or rented without option to purchase for 3 years or longer, or (3) is sold or title is otherwise conveyed, voluntarily or involuntarily, the Government may at its option declare the entire remaining unpaid balance of the loan immediately due and payable. If this happens, I will have to immediately pay off the entire loan.

**REQUIREMENT TO REFINANCE WITH PRIVATE CREDIT.** I agree to periodically provide the Government with information the Government requests about my financial situation. If the Government determines that I can get a loan from a responsible cooperative or private credit source, such as a bank or a credit union, at reasonable rates and terms for similar purposes as this loan, at the Government's request, I will apply for and accept a loan in a sufficient amount to pay this note in full. This requirement does not apply to any cosigner who signed this note pursuant to section 502 of the Housing Act of 1949 to compensate for my lack of repayment ability.

**SUBSIDY REPAYMENT AGREEMENT.** I agree to the repayment (recapture) of subsidy granted in the form of payment assistance under the Government's regulations.

**CREDIT SALE TO NONPROGRAM BORROWER.** The provisions of the paragraphs entitled "Credit Elsewhere Certification" and "Requirement to Refinance with Private Credit" do not apply if this loan is classified as a nonprogram loan pursuant to section 502 of the Housing Act of 1949.

**DEFAULT.** If I do not pay the full amount of each monthly payment on the date it is due, I will be in default. If I am in default the Government may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Government may require me to immediately pay the full amount of the unpaid principal, all the interest that I owe, and any late charges. Interest will continue to accrue on past due principal and interest. Even if, at a time when I am in default, the Government does not require me to pay immediately as described in the preceding sentence, the Government will still have the right to do so if I am in default at a later date. If the Government has required me to immediately pay in full as described above, the Government will have the right to be paid back by me for all of its costs and expenses in enforcing this promissory note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorney's fees.

05/04/2006  03:00     5028452005              USDA RD                          PAGE  05/24

Account #  ▓▓▓▓▓▓

**NOTICES.** Unless applicable law requires a different method, any notice that must be given to me under this note will be given by delivering it or by mailing it by first class mail to me at the property address listed above or at a different address if I give the Government a notice of my different address. Any notice that must be given to the Government will be given by mailing it by first class mail to the Government at <u>USDA Rural Housing Service, c/o Customer Service Branch Post Office Box 66889, St. Louis, MO 63166</u>, or at a different address if I am given a notice of that different address.

**OBLIGATIONS OF PERSONS UNDER THIS NOTE.** If more than one person signs this note, each person is fully and personally obligated to keep all of the promises made in this note, including the promise to pay the full amount owed. Any person who is a guarantor, surety, or endorser of this note is also obligated to do these things. The Government may enforce its rights under this note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this note. The term "Borrower" shall refer to each person signing this note.

**WAIVERS.** I and any other person who has obligations under this note waive the rights of presentment and notice of dishonor. "Presentment" means the right to require the Government to demand payment of amounts due. "Notice of dishonor" means the right to require the Government to give notice to other persons that amounts due have not been paid.

**WARNING:** Failure to fully disclose accurate and truthful financial information in connection with my loan application may result in the termination of program assistance currently being received, and the denial of future federal assistance under the Department of Agriculture's Debarment regulations, 7 C.F.R. part 3017.

_/s/ Renee C. Huff_ _____  Seal          _____  Seal
Borrower Renee C. Huff                                Borrower

_____  Seal           _____  Seal
Borrower                                              Borrower

### RECORD OF ADVANCES

| AMOUNT | DATE | AMOUNT | DATE | AMOUNT | DATE |
|---|---|---|---|---|---|
| (1) $ | | (8) $ | | (15) $ | |
| (2) $ | | (9) $ | | (16) $ | |
| (3) $ | | (10) $ | | (17) $ | |
| (4) $ | | (11) $ | | (18) $ | |
| (5) $ | | (12) $ | | (19) $ | |
| (6) $ | | (13) $ | | (20) $ | |
| (7) $ | | (14) $ | | (21) $ | |
| | | | | TOTAL $ | |

3

Form RD 3550-12  
(Rev. 8-00)

United States Department of Agriculture  
Rural Housing Service

Form Approved  
OMB No. 0575-0172

Account # 

## SUBSIDY REPAYMENT AGREEMENT

1. As required under section 521 of the Housing Act of 1949 (42 U.S.C. 1490a), subsidy received in accordance with a loan under section 502 of the Housing Act of 1949 is repayable to the Government upon the disposition or nonoccupancy of the security property. Deferred mortgage payments are included as subsidy under this agreement.

2. When I fail to occupy or transfer title to my home, recapture is due. If I refinance or otherwise pay in full without transfer of title and continue to occupy the property, the amount of recapture will be calculated but, payment of recapture can be deferred, interest free, until the property is subsequently sold or vacated. If deferred, the Government mortgage can be subordinated but will not be released nor the promissory note satisfied until the Government is paid in full. In situations where deferment of recapture is an option, recapture will be discounted 25% if paid in full at time of settlement.

3. Market value at time of initial subsidy $ 132,000.00            less amount of Rural Housing Service (RHS) loans  
$ 132,000.00            less amount of any prior liens $ 0.00                        equals my/our original equity  
$ 0.00                 . This amount equals _____ 0 % of the market value as determined by dividing original equity by the market value.

4. If all loans are not subject to recapture, or if all loans subject to recapture are not being paid, the amount to be recaptured is computed according to the following formula. Divide the balance of loans subject to recapture that are being paid by the balance of all open loans. Multiply the result by 100 to determine the percent of the outstanding balance of open loans being paid.

5.

| months loan outstanding | Average interest rate paid | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| | 1% | 1.1 2% | 2.1 3% | 3.1 4% | 4.1 5% | 5.1 6% | 6.1 7% | >7% |
| 0 - 59 | .50 | .50 | .50 | .50 | .44 | .32 | .22 | .11 |
| 60 - 119 | .50 | .50 | .50 | .49 | .42 | .31 | .21 | .11 |
| 120 - 179 | .50 | .50 | .50 | .48 | .40 | .30 | .20 | .10 |
| 180 - 239 | .50 | .50 | .49 | .42 | .36 | .26 | .18 | .09 |
| 240 - 299 | .50 | .50 | .46 | .38 | .33 | .24 | .17 | .09 |
| 300 - 359 | .50 | .45 | .40 | .34 | .29 | .21 | .14 | .09 |
| 360 & up | .47 | .40 | .36 | .31 | .26 | .19 | .13 | .09 |

6. Calculating Recapture

    Market value (at the time of transfer or abandonment)  
LESS  
    Prior liens,  
    RHS balance,  
    Reasonable closing costs,  
    Principal reduction at note rate,  
    Original equity (see paragraph 3), and  
    Capital improvements (see 7 CFR part 3550).  
EQUALS  
    Appreciation value. (If this is a positive value, continue.)  
TIMES  
    Percentage in paragraph 4 (if applicable),  
    Percentage in paragraph 5, and  
    Return on borrower's original equity (100% - percentage in paragraph 3).  
EQUALS  
    Value appreciation subject to recapture. Recapture due equals the lesser of this figure or the amount of subsidy received.

Borrower agrees to pay recapture in accordance with this agreement.

| Borrower<br>Renee C. Huff |  | Date<br>05-02-2006 |
|---|---|---|
| Borrower | | Date<br>05-02-2006 |

According to the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number. The valid OMB control number for this information collection is 0575-0172. The time required to complete this information collection is estimated to average 5 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information.

## EXHIBIT "C"

OLDHAM COUNTY
E110  PG176

NO. 12-C-00641

OLDHAM DISTRICT COURT
DIVISION _____

### NOTICE OF JUDGMENT LIEN ON REAL ESTATE

**JUDGMENT DEBTOR:**

RENEE C. HUFF
1135 WILLON OAK LN
LAGRANGE, KY 40031

SS#: XXX-XX-6758

**JUDGMENT CREDITOR:**

KOSAIR CHILDREN'S HOSPITAL D/B/A NORTON HEALTHCARE, INC.

| | |
|---|---|
| JUDGMENT DATE: | 11/29/2012 |
| JUDGMENT AMOUNT: | $526.00 |
| PLUS 12% INTEREST | |
| COURT COSTS TO DATE: | $83.50 |
| | $10.00 |
| | $13.00 |
| | $40.00 |

ATTORNEY FEES:

**NOTICE TO JUDGMENT DEBTOR:**
YOU MAY BE ENTITLED TO AN EXEMPTION UNDER KRS 427.060, REPRINTED BELOW. IF YOU BELIEVE YOU ARE ENTITLED TO ASSERT AN EXEMPTION, SEEK LEGAL ADVICE.

Take notice that the Judgment Creditor herein has obtained Judgment against the Judgment Debtor as set forth above and that this Notice constitutes a lien upon all real estate in OLDHAM County in which said Judgment Debtor has any ownership interest.

**INSTRUCTIONS TO COUNTY CLERK:**
Pursuant to KRS 426.720, you shall immediately enter this Notice of Judgment Lien on Real Estate in the Lis Pendens Records of OLDHAM County. Entry shall be noted upon the original of this Notice, and a copy returned to the Attorney, as indicated below.

**KRS 427.060:** In addition to any exemption of personal property, an individual debtor's aggregate interest, not to exceed five thousand dollars ($5,000.00) in value, in real or personal property that such debtor or a dependent of such debtor uses as a permanent residence in this state, or in a burial plot for such debtor or a dependent or judgment, except to foreclose a mortgage given by the owner of a homestead or for the purchase of money due thereon. This exemption shall not apply if the debt or liability existed prior to the purchase of the property or the erection of the improvements thereon.

I certify that on __1-31-13__, a copy of this Notice of Judgment Lien on Real Estate, was hand-delivered or sent to the last known address of the above Judgment Debtor and to the OLDHAM Court Clerk by regular first-class mail, postage pre-paid and that THIS INSTRUMENT WAS PREPARED BY:

THIS OFFICE IS A DEBT COLLECTOR
AND THIS IS AN ATTEMPT TO COLLECT
A DEBT.
ANY INFORMATION OBTAINED WILL BE
USED FOR THAT PURPOSE.

PHILIP J. CASTAGNO
ATTORNEY FOR PLAINTIFF
SUITE THREE, 300 W. L...
LOUISVILLE, KY 40202
PHONE: 502/561-2894

DOCUMENT NO: 461895
RECORDED ON: FEBRUARY 01, 2013 07:17:28AM
...FEES: $12.00
...
COUNTY:  OLDHAM COUNTY
DEPUTY CLERK: NANCY DONNER
BOOK E110    PAGES 176 - 176

EXHIBIT "D"

STATEMENT & NOTICE OF LIEN

OLDHAM COUNTY
E89    PG 54

Pursuant to its authority under law and by specific authority granted to it in the Restrictions filed of record for Willow Woods Subdivision, formerly known as Cedar Springs Subdivision, recorded in the office of the Oldham County Clerk, LaGrange, Kentucky, a Statement is hereby filed by Willow Woods Homeowners Association:

It is hereby asserted that the amount of $95.00 is due, plus costs of filing this lien and any release of same, plus 12% interest, upon and covering the following described real estate situated in Oldham County.

Being Lot 61 in Willow Woods Subdivision recorded in Deed Book 865, page 275 of the Oldham County Clerk's Office.

Said property is owned by: Renee Huff

Address: 1135 Willow Oak Lane, LaGrange, KY 40031

This lien represents unpaid assessment fees due to Willow Woods Homeowners Association for the year 2009.

The undersigned does hereby certify that the foregoing is a true and correct statement of duly assessed fees.

Dated: 7/13/09
Authorized Agent: Dawn R. Crain

The foregoing instrument was acknowledged and sworn to before me this 13th day of July 2009 by Dawn R. Crain.

My commission expires: August 27, 2009.

Notary Public, State of Kentucky at Large

_Delores F. Wilson_

This instrument prepared by:

_Dawn R. Crain_
SIGNATURE

Dawn R. Crain
NAME

P. O. Box 738, LaGrange, KY 40031

DOCUMENT NO: 405391
RECORDED ON: JULY 14, 2009 02:17:07PM
TOTAL FEES: $13.00
COUNTY CLERK: JULIE K BARR
COUNTY: OLDHAM COUNTY
DEPUTY CLERK: NANCY DONNER
BOOK E89    PAGES 54 - 54

EXHIBIT "E"

OLDHAM COUNTY
E95    PG 232

## STATEMENT & NOTICE OF LIEN

Pursuant to its authority under law and by specific authority granted to it in the Restrictions filed of record for Willow Woods Subdivision, formerly known as Cedar Springs Subdivision, recorded in the office of the Oldham County Clerk, LaGrange, Kentucky, a Statement is hereby filed by Willow Woods Homeowners Association:

It is hereby asserted that the amount of $95.00 is due, plus costs of filing this lien and any release of same, plus 12% interest, upon and covering the following described real estate situated in Oldham County.

Being Lot 61 in Willow Woods Subdivision recorded in Deed Book 865, page 275 of the Oldham County Clerk's Office.

Said property is owned by: Renee Huff

Address: 1135 Willow Oak Lane, LaGrange, KY 40031

This lien represents unpaid assessment fees due to Willow Woods Homeowners Association for the year 2010.

The undersigned does hereby certify that the foregoing is a true and correct statement of duly assessed fees.

Dated: June 16, 2010

WILLOW WOODS HOMEOWNERS ASSOCIATION
Board of Directors
P. O. Box 738
LaGrange, KY 40031

Prepared by: _[signature]_

STATE OF KENTUCKY
COUNTY OF OLDHAM

I, the undersigned, a Notary Public within and for the State and County aforesaid do hereby certify that this instrument was produced to me this 16th day of June, 2010 by Bobby L. Wilson authorized officer and agent of the Willow Woods Homeowners Association Board of Directors, and was acknowledged before me to be his/her voluntary act and deed on behalf of said corporation.

My commission expires: August 27, 2013.

_[signature]_
Notary Public, State at Large, Kentucky

DOCUMENT NO: 419324
RECORDED ON: JUNE 17, 2010 12:34:20PM
TOTAL FEES: $13.00
COUNTY CLERK: JULIE K BARR
COUNTY: OLDHAM COUNTY
DEPUTY CLERK: NANCY DONNER
BOOK E95    PAGES 232 - 232

EXHIBIT "F"